UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CLEONDRA MONIQUE GOLDEN,

Defendant.
_____________________________/

Case No. 4:24-cr-20166

F. Kay Behm
United States District Judge

**ORDER DENYING DEFENDANT'S MOTIONS FOR HOUSE ARREST (ECF No. 18) AND EARLY RELEASE (ECF No. 21)**

## I. PROCEDURAL HISTORY

On July 14, 2026, Defendant Cleondra Monique Golden pled guilty to six violations of her supervised release conditions, and the Court sentenced her to six months in the custody of the Federal Bureau of Prisons. (ECF No. 17). On August 13, 2026, Defendant, proceeding *pro se*, sent this Court a letter, which has been construed as a motion for house arrest (ECF No. 18), and on September 16, 2026, she sent another letter, which has been construed as a motion for early release (ECF No. 21). The government has filed responses to

both motions. (ECF Nos. 20, 22). For the reasons set forth below, both motions will be **DENIED.**

## II. LEGAL STANDARD

A sentence constitutes a final judgment, and a district court generally lacks the authority to modify it once imposed. 18 U.S.C. § 3582(b)-(c). However, § 3582(c)(1)(A) provides an exception to this "rule of finality" prohibiting sentence modification "except in limited circumstances," known broadly as "compassionate release." *United States v. Lee*, No. 18-20198, 2024 WL 1508826 (E.D. Mich. Apr. 5, 2024) (citing *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021)).

After a defendant has satisfied the administrative exhaustion requirement of the First Step Act, *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020), they may bring a motion before the district court and the court may review the "three substantive requirements" for granting compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). To grant a compassionate release motion under the statute, first the court must find an "extraordinary and compelling reason" that warrants a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i)); *see United States v. Jones*, 980 F.3d 1098, 1107-1108 (6th Cir. 2020). The court must also find that a sentence

reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But absent "an applicable policy statement for inmate-filed compassionate-release motions, district courts have [the] discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). Finally, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to determine whether the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

## III. ANALYSIS

### A. Motion for House Arrest (ECF No. 18)

In her motion for house arrest, Defendant explains that she discovered she was pregnant one week after her sentencing and asks that the Court consider house arrest for her violations. (ECF No. 18, PageID.44). However, as the government points out, only the Bureau of Prisons has the authority to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(b); *United States v. Statom*, No. 08-20669, 2021 WL 872214, at *1 (E.D. Mich. Mar. 9, 2021) ("[T]he BOP alone has authority to "place a prisoner in home confinement." (quoting 18 U.S.C. § 3624(c)(2))). As the authority to grant

Defendant's request rests with the BOP rather than the sentencing court, Defendant's motion must be denied. *See Statom*, 2021 WL 872214, at *1 (collecting cases).

### B. Motion for Early Release (ECF No. 21)

In her next motion, Defendant requests that this Court grant her an early release for multiple reasons, including her pregnancy and a swollen eye, which she says medical "was trying to give [her] two different medications" for but that she "denied…due to them not knowing exactly what was wrong and [her] being pregnant." (ECF No. 21, PageID.57). She says that she has not yet had an OB appointment during her confinement, and that she was rushed to the hospital at the beginning of August for bleeding, where she was told she had a urinary tract infection, but that the jail did not give her the prescribed antibiotics until 5 days later. (*Id.*). She also says that the med cart does not always have her prenatal vitamins; she occasionally has to go without eating because the jail tries to serve her pork, which is against her religion; there have been outbreaks of lice and MRSA; and that others have coughed up black mucus from mold in the showers. (*Id.*).

As to the first consideration, the Sentencing Commission has defined an "extraordinary and compelling reason" in § 1B1.13 to include 1) medical

circumstances; 2) age; 3) family circumstances; 4) whether the defendant was a victim of abuse while in custody; 5) other reasons, which is defined as "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)," and 6) an unusually long sentence. USSG § 1B1.13(b).

Defendant argues that she is entitled to compassionate release because of her medical conditions, including her pregnancy. Under "medical circumstances," the Sentencing Commission has explained that extraordinary and compelling reasons exist where:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

USSG § 1B1.13(b)(1).

Under these guidelines, pregnancy itself does not provide an extraordinary or compelling reason to justify a sentence reduction, nor do any of the other concerns Defendant has highlighted, none of which constitute the type of medical circumstances that substantially diminish her ability to provide self-care, would result in a risk of serious deterioration in health or

death, or put her at risk of suffering severe medical complications or death as a result of exposure to an ongoing outbreak of infectious disease or other public health emergency. The Court notes that although unhappy with her treatment, her eye infection and UTI did not go untreated, and the remainder of Defendant's complaints relate to the overall conditions of the institution. "While all of these conditions may indeed be unpleasant and less than ideal for a pregnant woman, they do not rise to the level of extraordinary and compelling circumstances warranting compassionate release." *United States v. Grant*, No. CR 18-34-3, 2022 WL 558347, at *5 (E.D. Pa. Feb. 24, 2022) (denying a motion for compassionate release filed on the grounds of a routine pregnancy and other medical conditions).

Ultimately, Defendant has not demonstrated that there is an extraordinary or compelling reason to reduce her sentence. Because of this, the Court need not go on to analyze whether a sentence reduction is appropriate under § 3553(a), and Defendant's motions are denied.[1] *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (*citing United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) ("[D]istrict courts may deny

[1] The Court also notes, although the government does not argue it, that Defendant was required to exhaust her administrative remedies before filing the present motion, but neither of her letters indicate that she has done so.

compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.”).

## IV. CONCLUSION

For the reasons set forth above, Defendants’ motions for early release (ECF No. 18) and house arrest (ECF No. 21) are **DENIED**.

**SO ORDERED.**

Date: October 20, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge